Euterpe Economos v. Commissioner.
Economos v. Commissioner
Docket Nos. 8314 and 10565.
United States Tax Court
1947 Tax Ct. Memo LEXIS 118; 6 T.C.M. (CCH) 904; T.C.M. (RIA) 47219; July 31, 1947
Joseph K. Moyer, Esq., 1343 H. St., N.W., Washington, 5, D.C., for the petitioner E. M. Woolf, Esq., for the respondent. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner determined deficiencies of $2,851.11 and $20,500.04 in income taxes for 1941 and 1943. The sole issue is whether all or only one-half of the income of the business of conducting the Chamberlin Cafeteria is taxable to the petitioner. Findings of Fact The petitioner filed returns for the years in question with the collector of internal revenue at Baltimore, Maryland. *119 The petitioner and her husband conducted the business of Chamberlin Cafeteria at 819 - 15th Street, N.W., Washington, D.C. as equal partners prior to the death of the husband in 1937. They had two children, a daughter born June 12, 1926 and a son born July 20, 1928. The husband died intestate and the petitioner inherited one-third of his one-half interest. She paid $7,500 to his estate for the other two-thirds representing the part of the father's estate to which the two children were entitled. She had conducted the business alone since the death of her husband. She had had training and experience in the restaurant business and has been successful in operating Chamberlin Cafeteria. The children were in boarding schools during the taxable years. They sometimes helped at the cafeteria during vacations but neither rendered any vital services or took any part in managing the business during those years. The petitioner created two trusts on January 2, 1941, one for each minor child. She named her sister trustee of each trust. The trust deeds recited that the petitioner conveyed a one-fourth undivided interest in the restaurant business in trust for the child until the child *120 attained the age of 23 in the case of the daughter and 21 in the case of the son, at which time the beneficiary was to receive the interest free of the trust. The trustee had no authority to use any income except to pay the expenses of the trusts. The trusts were irrevocable and the corpus could not revert to the petitioner. The petitioner and the trustee, on the same day, entered into an agreement that they were to conduct the Chamberlin Cafeteria as partners for ten years, using the interests contributed by each. The agreement recited that "The first party hereby assigns to the second party, as trustee, as aforesaid, an undivided equal one-half part of the gross assets described in "Exhibit 'A'" as belonging to her for the purpose above indicated." Additional capital needed was to be contributed equally. The petitioner was to devote her full time to the business. The trustee was not obligated to devote any of her time to the business. She lived and had full time employment in Boston, Massachusetts and devoted none of her time to the business of Chamberlin Cafeteria. The net profits or losses were to be divided equally at the end of each year and credited to the proper accounts. *121 The parties had the right to withdraw their profits "in such amounts and at such times as the parties may mutually determine." The balance sheet of December 31, 1940 showed the net worth of the business as $22,099.35. The petitioner filed gift tax returns showing a gift of one-fourth interest in the business to each child at values of $10,500 each. The capital account of the trust for the daughter on the books of the business is as follows: BALANCE - CAPITAL ACCOUNT JANUARY 1, 1941
$ 5,524.84
ADD: Share of Earnings - year ended December 31, 1941
5,839.67
$11,364.51
LESS: Drawings - year ended December 31, 1941: Share of 1940 Excise Tax Paid
$ 30.42
Guardianship Expenses
16.40
Insurance
11.70
58.52
BALANCE - DECEMBER 31, 1941
$11,305.99
ADD: Share of Earnings - year ended December 31, 1942
10,012.30
$21,318.29
LESS: Drawings - year ended December 31, 1942: War Bonds Purchased
$ 258.75
Income Taxes
633.24
891.99
BALANCE - DECEMBER 31, 1942
$20,426.30
ADD: Share of Earnings - year ended December 31, 1943
12,885.65
$33,311.95
LESS: Drawings - year ended December 31, 1943: Federal Income Taxes
$5,849.23
D.C. Income Taxes
110.18
War Bonds
750.00
6,709.41
BALANCE - CAPITAL ACCOUNT - DECEMBER 31, 1943
$26,602.54
*122 The account of the trust for the son is almost identical. No trust income was used to support or maintain the children. The Commissioner, in determining the deficiencies, included the entire income of the restaurant business in the income of the petitioner. He explained for 1941 that the income of the trust was taxable to her under section 167, while, for the later year, he added that the partnership was not recognized for federal income tax purposes and the income was taxable to her under section 22 (a). The income of the restaurant business known as Chamberlin Cafeteria was earned during the taxable years by the petitioner through her own personal efforts and not at all through the efforts of her sister, the trustee, or her two children. There was no real or genuine partnership for federal income tax purposes. The stipulations of the parties are incorporated herein by this reference. Opinion MURDOCK, Judge: The respondent by proper pleadings and procedure contends that all of the income of the restaurant business was earned by and is taxable to the petitioner under section 22 (a). He refuses to recognize the partnership or the trusts because they are family arrangements *123 under which the children and the trustee rendered no services and brought no capital to the business owned and conducted by the petitioner, except as she attempted to divide between them a part of her interest in that business. The petitioner did not actually carry on the business in partnership with anyone but conducted it as previously, by herself, unaided. It is now well established that all of the income of a business under such circumstances is taxable to the one who earned it, in this case the petitioner. ; ; ; affirmed (5/16/47); , affirmed (7/2/47) Decision will be entered for the respondent.